**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02393-CMA

MARLENE GEMMELL,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING IN PART, DENYING IN PART, AND DENYING
AS MOOT IN PART MOTION FOR AWARD OF ATTORNEY'S FEES**

---

This matter is before the Court on Plaintiff's "Motion for Award of Attorney's Fees." (Doc. # 24.) For the reasons discussed below, the motion is granted in part, denied in part, and denied as moot in part.

## I. BACKGROUND

The facts and procedural history of this case are set out at length in the Administrative Record (Doc. # 8), as well as in the transcript of the hearing held in this matter (Docs. ## 26 & 27.) At that hearing, the Court reversed the December 11, 2009 decision of the Administrative Law Judge ("ALJ") and remanded the matter to the Commissioner of Social Security for further proceedings. (*See* Doc. # 26.) Pursuant to the Court's Order, the Clerk of the Court entered Judgment in Plaintiff's favor. (Doc. # 23.) Thereafter, Plaintiff filed the instant motion. (Doc. # 24.) Plaintiff requests $7,640.50 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§ 2412. (*Id.*) Alternatively, Plaintiff seeks "25% of any past due benefits awarded by the Commissioner" pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1). (*Id.*)

## II. DISCUSSION

### A. WHETHER DEFENDANT'S POSITION WAS SUBSTANTIALLY JUSTIFIED

Under the EAJA, a party that prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). As ample caselaw indicates, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), she is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Further, Defendant does not assert any special circumstances that would make an award of fees unjust.

The Commissioner bears the burden of demonstrating that his position was substantially justified – a test that, in this Circuit, "means his position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person." *Harrold v. Astrue*, 372 F. Appx. 903, 904 (10th Cir. 2010) (unpublished) (internal quotation marks and citations omitted). "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be con-sidered substantially justified." *Id.*

In the instant case, the Court's determination regarding whether Defendant's position was substantially justified turns on Defendant's response to evidence that Plaintiff submitted after her hearing before the ALJ. Following the ALJ's adverse determination, Plaintiff filed a request with the Appeals Council for review. In response, the Appeals Council invited Plaintiff to submit additional evidence in support of her disability claim. On May 7, 2010, Plaintiff submitted such evidence, including a 2010 evaluation from Dr. Robert Pelc, one of her physicians. However, the Appeals Council denied Plaintiff's request for review stating, in part: "In looking at your case, we considered the reasons you disagree with the decision [of the ALJ] and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Doc. # 8-2 at 2–3.) The "enclosed Order of Appeals Council" lists the material from Dr. Pelc that Plaintiff had submitted. (*Id.* at 6.)

The parties, in the briefing they filed with the Court, as well as during oral argument, addressed whether the Appeals Council was obligated to do more with the additional evidence Plaintiff submitted than merely stating that the evidence had been considered but found lacking. In its briefing, Defendant also asserted that, because this evidence "did not relate to the time period at issue before the ALJ, there was no reasonable possibility that it could have changed the outcome below." (Doc. # 16 at 30.) Ultimately, the Court found Defendant's position unpersuasive and ruled that "the Appeals Council erred in concluding that Dr. Robert Pelc's March 2010 evaluation

of [P]laintiff did not undermine the ALJ's December 11, 2009 no-disability determination."[1] (Doc. # 26 at 5.) Defendant, in its briefing on the instant motion, maintains that "the Commissioner reasonably took the position that Dr. Pelc's 2010 opinion was not retrospective." (Doc. # 25 at 9.) However, the Court agrees with Plaintiff that Defendant's position was not substantially justified.

The Appeals Council is required to "consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) related to the period on or before the date of the ALJ's decision.'" *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (quoting *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995)); *see* 20 C.F.R. 404.970(b). Under Tenth Circuit caselaw, when the Appeals Council makes additional evidence part of the record, it has implicitly determined that the plaintiff has "submitted qualifying new evidence for consideration." *Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006). Accordingly, in the instant case, the Appeals Council implicitly determined that Dr. Pelc's 2010 opinion was related to the time period at issue before the ALJ. As such, Defendant's position to the contrary was not substantially justified.[2]

---

[1] The Court also found that the ALJ had erred "in failing to consider and discuss the fact that [P]laintiff is easily confused and disoriented, which often makes her late for appointments and unreliable." (Doc. # 26 at 5.) However, discussion of this aspect of the Court's findings is unnecessary for purposes of the instant Order.

[2] Because the Court has determined that Plaintiff is entitled to attorney's fees under the EAJA, the Court denies as moot her alternative argument for fees under the Social Security Act, 42 U.S.C. § 406(b)(1).

**B.     REASONABLENESS OF THE FEE REQUEST**

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of her fee request.  As previously indicated, Plaintiff seeks $7,640.50 in fees.  (Doc. # 24.)  This amount is calculated for 41.3 hours of work at the rate of $185 per hour.  (*Id.*)

Defendant does not dispute the amount of time stated in Plaintiff's motion but, rather, asserts that "attorney fees 'shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'"  (Doc. # 25 at 10–11 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).)  Defendant further asserts that the appropriate cost of living adjustment, based on the Consumer Price Index, "yields a 2010 hourly rate of $175.45, and a 2011 hourly rate of $179.59."  (*Id.* at 12.)  Accordingly, Defendant suggests that "in the event the Court awards EAJA fees, Plaintiff's fee request (for $7,640.50) should be reduced to $7,393.88, reflecting the maximum hourly billing rates under the EAJA."[3]  (*Id.*)

In her reply, Plaintiff states that she "does not dispute the Commissioner's proposed lowering of the hourly rates of Plaintiff's counsel."  (Doc. # 28 at 4.)  Accordingly, and because the Court finds that the hours expended and rate sought by Plaintiff's counsel are both reasonable, the Court approves of Plaintiff's request.  *See*

---

[3] Defendant calculates Plaintiff's counsel's fees as 5.6 hours in 2010, for a sub-total of $982.52 (5.6 x $175.45), and 35.7 hours in 2011, for a sub-total of $6,411.36 (35.7 x $179.59).  (Doc. # 25 at 12 n.3.)  Hence, the $7,393.88 figure ($982.52 + $6,411.36).

*Headlee v. Bowen*, 869 F.2d 548, 550 (10th Cir. 1989).  Additionally, Plaintiff further asserts, and the Court agrees, that "Plaintiff's counsel should be compensated under the EAJA for the additional time (3.0 hours) spent preparing [her] reply pleading.  At the Commissioner's adjusted rate of $179.59 per hour, this would amount to an additional fee of $538.77, and a total fee to be awarded of $7,932.65." (Doc. # 28 at 4.)  *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under the EAJA may include fees incurred in litigating the fee dispute itself).

Finally, although Plaintiff requests that the fee award be paid to her attorney (Doc. # 24 at 2), "the clear language of the [EAJA] provides that attorney's fees are paid to the prevailing party, not the attorney."  *Manning v. Astrue*, 510 F.3d 1246, 1254 (10th Cir. 2007).

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's "Motion for Award of Attorney's Fees" (Doc. # 24) is: GRANTED IN PART to the extent that Plaintiff is entitled to such fees because Defendant's position was not "substantially justified"; DENIED IN PART to the extent that Plaintiff's initial request of $7,640.50 in attorney's fees (a) was premised on an improper hourly rate and (b) cannot be paid to Plaintiff's counsel directly; and DENIED AS MOOT IN PART to the extent that consideration of Plaintiff's request for fees under the Social Security Act, 42 U.S.C. § 406(b)(1), is unnecessary in light of fees being awarded under the EAJA.  Accordingly, it is

FURTHER ORDERED that Defendant pay Plaintiff $7,932.65 in attorney's fees under the EAJA, deliverable to counsel.

DATED:  October   26  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge